Justice.
I concur in the opinion delivered by the
Chief Justice. I confess, however, that I had considerable doubts when the case was argued; but, Powell’s new edition of Wood’s Conveyance, 467. 8, has removed them. Powell, the editor, states the doctrine to be now settled, in England, according to the case of Rippen v. Hawdin. If so settled there, it certainly should be so settled, here, where, the alienation of real estate is much more favored.
Justice.
If we sat merely as a Court of Law, I should be clearly in favor of the plaintiff. But, the Chancery maxim, to consider what ought to be done, as actually done, applies strongly to our- judicial situation, having no Court of Equity to enforce the performance of contracts.
As to the right of a feme covert, under articles of agreement to devise, Ld. Kenyon, says, "what was once doubted is no longer so.” The principles of Rippen v. Hawdin, are in some de *204 gree impugned by the case of Hodesdon v. Lloyd: But, Rippen v. Hawdin, now appears to be settled, since Powell, who, in his treatise on contracts, adds a quere to his account of the cafe, now states it as established. Since the statute of 27 Hen. 8. c. to, I cannot see that solid distinction between a trust, and a legal estate, which would warrant us to draw a line on the present occasion. 2 Bl. C. 233. 327.
Bradford, Justice.
The legal estate is veiled in the plaintiff. The defendants set up an equitable defence, relying on the articles, the consideration of those articles, and the device in pursuance of them. As a will, the instrument is clearly void; but the question is not as to the formality of an appointment, but the creation of a power.
The articles do not create a trust, nor expressly raise a power; but, articles executory may, I think, creates power over real estate.
As to Equity, the Court has only a borrowed jurisdiction, from the want of a Court of Chancery; yet I think the Constitution warrants our assuming it, from the expressions it employs. What is equitable, must, therefore, be adopted here; but it must be clearly settled to be so.
It has been urged, that the devisees are no nearer, to the disposing party, than the plaintiff; the devisee is neither wife, child, nor creditor; and, that Chancery will not interfere, except where conscience ought to oblige the party to give up a legal advantage. Upon this point Wright. v. Cadogan, is distinguished from Bramhall v. Hall, and in Compton v. Collinson, the distinction is adverted to: But, as I have already observed, the question is, as to the creation of the power; and that there was a sufficient consideration for creating it, in this case, cannot be doubted; for marriage has always been decreed to be sufficient.
Then we are led to ask, are these articles executory? Did the husband engage to do any thing to carry them into effect ? In Wright v. Cadogan, the future husband covenanted to execute such deed as counsel should advise. It is not clearly stated in Rippin v. Hawdin, whether the husband was, or was not, to do any act. In the case before us, he undertakes to do nothing; he only assents to his wife’s making a will. The ultimate question thereupon is, does this assent, by removing that power which marriage legally veils in him, over his wife’s acts, confer upon her the power which by the articles the meant to reserve? And as the covenant is anterior, and in consideration of the marriage, I am of opinion that it does, and concur with my brethren in giving.
Judgment for the defendants.